IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**STEVEN GEORGE FAIR,**                      07-CV-1681-HU

                                                  OPINION AND ORDER

        **Plaintiff,**

v.

**SPORTSMANS WAREHOUSE,**
**STEPHEN C. LEBANC, STUART**
**UTGAARD, PRAIRIE WEST STUDIO,**
**ANGLER ART, JOHN DOE 1-999,**

        **Defendants.**


**STEVEN GEORGE FAIR**
c/o Post Master General
Sandy General Delivery
Sandy, OR 97055

        Plaintiff, *Pro Se*


**CHRISTOPHER R. SULLIVAN**
Lindquist & Vennum P.L.L.P.
4200 IDS Center
80 South Eight Street
Minneapolis, MN 55402
(612) 371-6226

1 - OPINION AND ORDER

**RONALD TRACY ADAMS**
Black Helterline, LLP
1900 Fox Tower
805 S.W. Broadway
Portland, OR 97205-3359
(503) 417-2132

>    Attorneys for Defendants Sportsmans Warehouse,
>    Prairie West Studio, Angler Art, and Stuart
>    Utgaard

**PETER A GERGELY**
Merchant & Gould
1050 Seventeenth Street
Suite 1950
Denver, CO 80265
(303) 357-1670

**JAMES LEE GUSE**
Parsons Farnell & Grein, LLP
805 S.W. Broadway
Suite 1560
Portland, OR 97205
(503) 222-1812

>    Attorneys for Defendant Stephen C. LeBlanc

**BROWN, Judge.**

On April 4, 2008, Magistrate Judge Dennis James Hubel issued Findings and Recommendation in which he recommended the Court grant the Motion to Dismiss of Defendants Stuart Utgaard and Sportsmans Warehouse joined by Defendant Stephen LeBlanc pursuant to the first-to-file rule on the ground that Plaintiff had previously filed a complaint involving the same parties and issues in the United States District Court for the District of Colorado.  This Court did not find any error in the Magistrate Judge's Findings and Recommendation.  The Court, therefore,

2 - OPINION AND ORDER

adopted the Findings and Recommendation, granted the Defendants' Motion to Dismiss, and dismissed this matter with prejudice.

On August 27, 2008, Plaintiff filed a Motion (#45) to Reopen Case and Reinstate State Claim seeking to reinstate his state law claim for defamation on the grounds that the District of Colorado dismissed Defendant LeBlanc's cross-claim for defamation without prejudice and Plaintiff was "denied due process of Law in the district of Colorado because of ethnicity, deeply held political beliefs, and deeply held religious beliefs."

## DISCUSSION

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial . . . (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment.

Whether to grant or to deny a motion under Fed. R. Civ. P. 60(b) is within the district court's discretion. *Community Dental Serv. v. Tani*, 282 F.3d 1164, 1167 n.7 (9th Cir. 2002).

Plaintiff does not allege and the record does not reflect

3 - OPINION AND ORDER

evidence of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud or misconduct of an adverse party in the proceedings.  In addition, to the extent Plaintiff intends to allege the Colorado court discriminated against him, the Court notes it is well settled that judges are absolutely immune from liability for judicial acts performed in their judicial capacity.  *Mireles v. Waco,* 502 U.S. 9, 12 (1991).  *See also Forrester v. White*, 484 U.S. 219, 225-26 (1987); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).  "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority."  *Meek v. County of Riverside*, 183 F.3d 962, 966 (9th Cir. 1999)(citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)).

The Court, therefore, concludes Plaintiff has not provided an adequate basis to set aside the Judgment in this matter.  Accordingly, the Court, in the exercise of its discretion, denies Plaintiff's Motion to Reopen Case and Reinstate State Claim.

## CONCLUSION

The Court **DENIES** Plaintiff's Motion (#45) to Reopen Case and Reinstate State Claim and declines to set aside the Judgment in

4 - OPINION AND ORDER

this matter.

    IT IS SO ORDERED.

    DATED this 23rd day of September, 2008.

                          /s/ Anna J. Brown

                          _____
                          ANNA J. BROWN
                          United States District Judge